UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

MAR 04 2019

PER _____
DEPUTY CLERK

ROHSAAN MATTHEWS
Plaintiff,

v.

DAVID EBBERT,
T. CRAWFORD,
Defendants.

COMPLAINT
Civil No. 3:19 cv 385

## I. JURISDICTION & VENUE

1. This is a Bivens action authorized by 28 U.S.C. § 139(b) to redress the deprivation, under unconstitutional acts and color of federal law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. § 1331.

2. The District Court For The Middle District of Pennsylvania is an appropriate venue under 42 U.S.C. § 1997(e)(a) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF

3. Plaintiff Rohsaan Matthews, in propria persona, is and was at all times mentioned herein a Prisoner of USP Lewisburg in the custody of the United States Penitentiary, Lewisburg Pennsylvania ("USP Lewisburg"). He is currently confined in United States Penitentiary, Lewisburg, Pennsylvania.

## III. DEFENDANTS

4. Defendant David Ebbert is the warden of United States Penitentiary, Lewisburg, Pennsylvania. He is legally responsible for the operation of Lewisburg, Pennsylvania, ("USP Lewisburg") Penitentiary and for the welfare of all the inmates in that prison.

5. Defendant T. Crawford is Special Investigation Support (SIS) Technician, he assist in conducting investigations of inmate violations of the BOP's inmate discipline program and is responsible for controlling and processing the enhanced mail monitoring procedures for an assigned caseload of inmates.

6. Each Defendant is sued individually and in his official capacity. At all times mentioned in this complaint each defendants under unconstitutional acts and acted under color of federal laws.

## III. FACTS

7. On the day of August 9, 2018, I received a incident report regard to Abuse of the Telephone. However, I did not abuse anything or committed any offense on the telephone.

8. On the day of August 9, 2018 at approximately 7:25 am, Special Investigation Support (SIS) Technician T. Crawford was listening to my telephone call placed by me on the day of August 8, 2018 at 5:59 pm on phone line 3729-LEW-B-A to phone number (808) 209-1173.

9. The phone number is registered to Langilangi Halaapiapi with an address of 83-5535 Old Government Road, Captain Cook, HI 97604. The phone was placed into cell 302 at 1:38pm and remained in the cell until it was removed at 6:36pm. Which was my cell and I called home to a family member.

10. At 40 seconds into the call, the Female (my family member) call recipient said, "The number you keep giving me is wrong." I then spoke in my native language, Hawaiian, a language (SIS) Technician T. Crawford could not decipher. So, I received a incident report because (SIS) Technician T. Crawford assumed I was trying to bring in narcotics or drugs.

PG (2) of (4)

of speech. And a "due Process" of Law under the U.S. Constitution of America.

19. The Plaintiff Matthews has no plain, adequate or complete remedy at law to redress the wrongs described therein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants relief which plaintiff seeks.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court enter judgment Plaintiff:

1. Compensatory damages in the amount of $52,000 against each defendant jointly and severally.

2. Punitive damages in the amount of $62,000 against each defendant.

3. A jury trial on all issues triably by jury.

4. Plaintiff's costs in this suit.

5. Any additional relief this court deems just, proper, and equitable.

Dated: February 28, 2019
Roshaan Matthews 04892-122
USP Lewisbury
P.O. Box 1000
Lewisburg, PA 17837                    VERIFICATION

" I certify that the foregoing is true and correct."

Dated: February 28, 2019                              " Without Prejudice"
Executed at Lewisburg, Pennsylvania.          /s/ Roshaan Matthews
                                                                  ROSHAAN MATTHEWS

11. The number I give my family member was an inmate number (Register number) for a Pen Pal. That was all I did, however, (SIS) T. Crawford construed the language to persuade the readers, like I was trying to commit a crime, I was just speaking in my native language.

12. The (DHO) Discipline Hearing Officer B. Chambers find the evidence to be less credible, thereby giving it less weight than that to which the greater weight is given, the incident report was not accurate, and there was a discrepancy in the time that the reporting officer T. Crawford became aware of (SIS) Technician.

13. I was punish for speaking in my native language (Samoan), because the (SIS) Technician could not decipher the language. (SIS) Technician T. Crawford stated my "coded/veiled language hamper the ability of staff to properly monitor the inmates call."

14. I received disallowed Good Conduct Time is imposed as a sanction to demonstrate that engaging in misconduct, and loss of phone privileges as a sanction involved circumventing established telephone phone call. However, I did not commit any offense to receive such sanctions. See Exhibit A

## IV. EXHAUSTION OF LEGAL REMEDIES

15. I, Roshaan Matthews used the grievance procedure available at USP Lewisburg. The Regional Director stated that the granted partial of the grievance, yet, nothing was done. See Exhibit B.

## V. LEGAL CLAIMS

17. Plaintiff Matthews reallege and incorporate by reference paragraph 1-16.

18. The defendant's deprive me of my right to impartial fact finder and my right to call my family in violation of the First and Fifth Amendment(s) to the U.S. Constitution of America. The right to freedom

PG (3) of (4)

*Exhibit B*

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 12, 2018

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : ROHSAAN MATTHEWS, 04892-122
      LEWISBURG USP    UNT: B-BLOCK     QTR: B03-307U
      2400 ROBERT F. MILLER DRIVE
      LEWISBURG, PA 17837

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 956642-R1       REGIONAL APPEAL
DATE RECEIVED   : OCTOBER 9, 2018
SUBJECT 1       : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2       :
INCIDENT RPT NO : 3156306

REJECT REASON 1: ALL FOUR PAGES OF YOUR (BP-9) (BP-10) (BP-11) FORM MUST BE
                 LEGIBLE AND WORDED THE SAME. PHOTOCOPIES OF THE FORM WILL
                 NOT BE ACCEPTED.

REJECT REASON 2: SEE REMARKS.

REJECT REASON 3: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS        : PAGES 2, 3, AND 4 OF THE BP10 ARE NOT LEGIBLE.

DATE RECEIVED
FEDERAL BUREAU OF PRISONS
REGIONAL COUNSEL OFFICE
OCT 22 2018
NERO-PHILADELPHIA

U.S. Department of Justice    *Exhibit 6*    Regional Administrative Remedy Appeal

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **ROHSAAN MATTHEWS**    **04892-122**    **B-BLOCK**    **LEWISBURG**
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A - REASON FOR APPEAL THIS APPEAL IS IN REFERENCE TO INCIDENT REPORT #3156306. THE REPORTING OFFICER (T. CRAWFORD) STATED THAT I WAS TALKING IN CODE, BUT I WASN'T. MY FAMILY, WHICH WAS THE PERSON ON THE OTHER END OF THE LINE (WHO IS SAMOAN) COULDN'T FULLY UNDERSTAND WHAT I WAS SAYING, SO I SPOKE IN SAMOAN SO SHE COULD UNDERSTAND ME BETTER. ALSO, THERES A DISCREPENCEY IN THE TIME THAT THE REPORTING BECAME AWARE OF THIS INCIDENT. STAFF HAD AMPLE AMOUT OF TIME TO DO A RE-WRITE IF NEEDED BE. PER POLICY STATEMENT 5270.09, THIS VIOLATES MY DUE PROCESS RIGHTS. IN RELIEF, I DO NOT DISPUTE THE ACCURACY OF THE CONTENT OF THE CALL, I'M SAYING THAT NO PROHIBITED ACT WAS COMMITTED BY ME, THEREFORE THIS CHARGE SHOULD BE REDUCED TO A CODE 397 INSTEAD OF A 297, THUS GIVING ME A REHEARING.
THANKS IN ADVANCE! P.S ATTACHMENT IS DHO PACKET ALSO REJECTION NOTICE, WHICH I RECIEVE 10·17·18

OCT·17·2018      *Rohsaan Matthews*
DATE      SIGNATURE OF REQUESTER

Part B - RESPONSE

*See attached response.*

RECEIVED
Warden's Office
NOV 26 2018
USP Lewisburg

---

DATE      REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
SECOND COPY: RETURN TO INMATE      CASE NUMBER: _____

Part C - RECEIPT

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE      SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN      BP-230(13)
JUNE 2002

BP-A0304
JAN 17

## DISCIPLINE HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE**                                                  **FEDERAL BUREAU PRISONS**

| | |
|---|---|
| Institution: USP, Lewisburg | Incident Report Number: 3156306 |
| NAME OF INMATE: MATTHEWS, Rohsaan | REG. NO.: 04892-122    UNIT: B-Block |
| Date of Incident Report: 8-9-2018 | Offense Code: 297 |
| Date of Incident: 8-8-2018 | |
| Summary of Charges: Abuse of the Telephone | |

**I. NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) __8-9-2018__ at (time) __5:30 p.m.__ (by staff member) __C. Kowalchick__ .

B. The DHO Hearing was held on (date) __8-22-2018__ at (time) __11:30 a.m.__ .

C. The inmate was advised of the rights before the DHO by (staff member):
__B. Tharp__ on (date) __8-14-2018__ and copy of the advisement of rights form is attached.

**II. STAFF REPRESENTATIVE**

A. Inmate waived right to staff representative. Yes __XX__ No ____ .

B. Inmate requested staff representative and __N/A__ appeared.

C. Staff Representative statement: __N/A__ .

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:

At the time he appeared before the UDC, inmate Matthews requested Case Manager Cotterall as a staff representative in this case. Ms. Cotterall was away from the institution unexpectedly on the date of the hearing. Inmate Matthews was given the option to postpone the hearing until such time as Ms. Cotterall was available or to obtain another staff representative. Inmate Matthews stated he no longer desired staff representation in this case and was waiving his right to a staff representative in this case. Inmate Matthews was not able to sign or initial the BP-294 form as a result of hand restraints applied behind his back during the hearing. Inmate Matthews' verbal waiver of his right to staff representation, however, was witnessed by Officer Paul, who was escorting Matthews during the hearing.

E. Staff representative __N/A__ was appointed.

**III. PRESENTATION OF EVIDENCE**

A. Inmate ____ (admits) __XX__ (denies) ____ (neither) the charge(s).

B. Summary of inmate statement:

Inmate Matthews acknowledged he understood his rights before the DHO and was ready to proceed with the hearing. Inmate Matthews presented no documents for the DHO to consider. Inmate Matthews testified that he is not disputing the accuracy of the content of the telephone call he placed on 8-8-2018 at 5:59 PM, as documented in Section 11 of the incident report in this case. Inmate Matthews testified, however, he is denying committing any prohibited act in this case. Inmate Matthews testified, in response to Section 11 of the incident report, "how am I speaking in code when I am speaking in my native language. It wasn't even Hawaiian I was speaking it was Samoan. He (the reporting officer) didn't even have one of the numbers right. I didn't say "akahi", I said "tashi", he was just writing it to make it fit what he wanted it to mean." The DHO asked what the series of numbers was that he was relating to the female call recipient. Matthews testified, "it was my cellmate's (TOLSON, Charles #53582-018) federal register number. I was giving it to her so she could get him set up with a pen pal. That's all that was going on." The DHO asked Matthews, if that was "all that was going on", then why didn't Matthews say Tolson's register number in the English language? Matthews testified, "I don't know. I don't really have an explanation. That's just how I always did it with her?" After the DHO announced the findings and sanctions in this case, Matthews stated, "if that's how this is going to go, then I want to note a discrepancy in the times in the incident report. The officer wrote he became aware of the incident on 8-9-2018 at 7:25 AM, yet he also states, "on the above date (8-9-2018) at approximately 11:25 AM, this officer was listening to a phone call placed by inmate MATTHEWS, Rohsaan #04892-122. There is a discrepancy in times between 7:25 AM and 11:25 AM. That should invalidate the incident report." The DHO explained that the hearing had already concluded, and if Matthews wanted to make an issue of the discrepancy in the times, he should have brought it up during the hearing. The DHO further explained the discrepancy in the times noted is clearly a typographical error. Finally, the DHO noted Matthews received sufficient advance written notice of the charges, as the time the reporting

1

| BP-A0304 | DISCIPLINE HEARING OFFICER REPORT | |
| --- | --- | --- |
| JAN 17 | | |
| U.S. DEPARTMENT OF JUSTICE | | FEDERAL BUREAU PRISONS |

| Name of Inmate: MATTHEWS, Rohsaan | Reg. No.: 04892-122 | Hearing Date: 8-22-2018 |
| --- | --- | --- |

officer listened to the audio recording of the call does not change the content of the call as documented in Section 11 of the incident report, which is the factual basis for the charges in this case. Inmate Matthews made no complaints of procedural errors during the hearing, with exception to this discrepancy related to the time the reporting officer listened to the audio recording of the telephone call.

    C. Witnesses:
    1. Inmate waived right to witness. Yes __XX__ No____

    2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below): __N/A__.

    3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below): __N/A__.

    4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below): __N/A__.

    D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

Federal Bureau of Prisons Inmate Center Reports; Audio recording of the telephone call placed by inmate MATTHEWS, Rohsaan #04892-122 on 8-8-2018 at 5:59 p.m. on phone line 3729-LEW-B-A to phone number (808) 209-1173.

    E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because: __N/A__.

IV.     FINDINGS OF THE DHO

    __XX__ A. The act was committed as charged.
    ____ C. No prohibited act was committed: Expunge according to Inmate Discipline PS.
    ____ B. The following act was committed:

    _____.

V.     SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.):

The DHO finds that inmate Matthews committed the prohibited act of Use of the Telephone for Abuses Which Circumvent the Ability of Staff to Monitor Frequency of Telephone Use and the Content of the Call, Code 297. This finding is based on the eyewitness written account of the reporting officer, which indicates on 8-9-2018 at approximately 7:25 a.m., the reporting officer was listening to a telephone call placed by inmate MATTHEWS, Rohsaan #04892-122 on 8-8-2018 at 5:59 p.m. on phone line 3729-LEW-B-A to phone number (808) 209-1173. The phone number is registered to Langilangi Halaapiapi with an address of 83-5535 Old Government Road, Captain Cook, HI 97604. The phone was placed into cell 302 at 1:38 p.m. and remained in the cell until it was removed at 6:36 p.m. At 40 seconds into the call, the female call recipient, said, "The number you keep giving me is wrong." Inmate Matthews started to stumble with his words and told the female to "hold on." After a couple seconds, inmate Matthews began to talk in Hawaiian. Inmate Matthews gave the female numbers in Hawaiian Lima, Kolu, Lima, 8, Lua, Ole, Akahi, 8. This number translates to 53582-018, an inmate registration number belonging to TOLSON, Charles #53582-018. Inmate Tolson is inmate Matthews' cellmate. Inmate Matthews spoke in Hawaiian using a foreign language to code his communication while giving the female inmate Tolson's register number. During rest of the conversation, inmate Matthews and the female spoke in English.

This finding is further based upon the testimony of inmate Matthews, in which he admitted that he is not disputing the accuracy of the content of the telephone call he placed on 8-8-2018 at 5:59 PM, as documented in Section 11 of the incident report in this case. This finding is further based upon the response of inmate Matthews to the DHO's questions of what the series of numbers was that he was relating to the female call recipient. Matthews testified, "it was my cellmate's (TOLSON, Charles #53582-018) federal register number. I was giving it to her so she could get him set up with a pen pal. That's all that was going on." The DHO asked Matthews, if that was "all that was going on", then why didn't Matthews say Tolson's register number in the English language? Matthews testified, "I don't know. I don't really have an explanation. That's just how I always did it with her."

2

BP-A0304
JAN 17

## DISCIPLINE HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE**  **FEDERAL BUREAU PRISONS**

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| MATTHEWS, Rohsaan | 04892-122 | 8-12-2018 |

Inmate Matthews, however, denied committing any prohibited act in this case. Inmate Matthews testified, in response to Section 11 of the incident report, "how am I speaking in code when I am speaking in my native language. It wasn't even Hawaiian I was speaking it was Samoan. He (the reporting officer) didn't even have one of the numbers right. I didn't say "akahi", I said "tashi", he was just writing it to make it fit what he wanted it to mean." The DHO asked what the series of numbers was that he was relating to the female call recipient. Matthews testified, "it was my cellmate's (TOLSON, Charles #53582-018) federal register number. I was giving it to her so she could get him set up with a pen pal. That's all that was going on." The DHO asked Matthews, if that was "all that was going on", then why didn't Matthews say Tolson's register number in the English language? Matthews testified, "I don't know. I don't really have an explanation. That's just how I always did it with her."

The DHO gives the greater weight of the evidence in this case to the eyewitness written account of the reporting officer, as well as the testimony of inmate Matthews, in which he admitted that he is not disputing the accuracy of the content of the telephone call he placed on 8-8-2018 at 5:59 PM, as documented in Section 11 of the incident report in this case. This finding is further based upon the response of inmate Matthews to the DHO's questions of what the series of numbers was that he was relating to the female call recipient. Matthews testified, "it was my cellmate's (TOLSON, Charles #53582-018) federal register number. I was giving it to her so she could get him set up with a pen pal. That's all that was going on." The DHO asked Matthews, if that was "all that was going on", then why didn't Matthews say Tolson's register number in the English language? Matthews testified, "I don't know. I don't really have an explanation. That's just how I always did it with her." This evidence indicates on 8-9-2018 at approximately 7:25 a.m., the reporting officer was listening to a telephone call placed by inmate MATTHEWS, Rohsaan #04892-122 on 8-8-2018 at 5:59 p.m. on phone line 3729-LEW-B-A to phone number (808) 209-1173. The phone number is registered to Langilangi Balaapiapi with an address of 83-5535 Old Government Road, Captain Cook, HI 97604. The phone was placed into cell 302 at 1:38 p.m. and remained in the cell until it was removed at 6:36 p.m. At 40 seconds into the call, the female call recipient said, "The number you keep giving me is wrong." Inmate Matthews started to stumble with his words and told the female to "hold on." After a couple seconds, inmate Matthews began to talk in Hawaiian. Inmate Matthews gave the female numbers in Hawaiian Lima, Kolu, Lima, 8, Lua, Ole, Akahi, 8. This number translates to 53582-018, an inmate registration number belonging to TOLSON, Charles #53582-018. Inmate Tolson is inmate Matthews' cellmate. Inmate Matthews spoke in Hawaiian using a foreign language to code his communication while giving the female inmate Tolson's register number. During rest of the conversation, inmate Matthews and the female spoke in English.

The DHO has considered as evidence in this case the testimony of inmate Matthews, in which he alleged he is not speaking in any sort of coded language, rather, was just speaking in his native language. The DHO finds this evidence to be less credible, thereby giving it less weight than that to which the greater weight is given in this case, for the following reasons. First, Matthews speaks in the English language during the entire telephone call, with exception to the point at which he relays a series of numbers in Hawaiian Lima, Kolu, Lima, 8, Lua, Ole, Akahi, 8. This number translates to 53582-018, an inmate registration number belonging to TOLSON, Charles #53582-018, Matthews' cellmate at the time of the incident. It is readily evident to the DHO that Matthews related Tolson's register number in a language other than English to code his communication while giving the female inmate Tolson's register number. Matthews is unquestionably speaking in veiled and coded terms, the sole intent of which was to deceive staff monitoring the telephone call as to the true meaning of the conversation, by concealing Tolson's register number. Speaking in veiled and coded language circumvents the ability of staff to properly monitor the content of the telephone call.

The greater weight of the evidence in this case, therefore, supports the finding inmate Matthews committed the prohibited act of Use of the Telephone for Abuses Which Circumvent the Ability of Staff to Monitor Frequency of Telephone Use and the Content of the Call, Code 297.

VI. SANCTION OR ACTION TAKEN (List each prohibited act with respective sanctions for that act):

CODE: 297

Disallow Good Conduct Time: 27 days
Loss of Telephone Privilege: 90 days

3

BP-A0304
JAN 17

## DISCIPLINE HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE**  **FEDERAL BUREAU PRISONS**

| Name of Inmate: MATTHEWS, Rohsaan | Reg. No.: 04892-122 | Hearing Date: 8-22-2018 |
|---|---|---|

VII. REASON FOR EACH SANCTION OR ACTION TAKEN:

Monitoring inmate telephone calls is an important means by which staff is able to maintain the security and good order of the institution. Inmates who circumvent the ability of staff to monitor inmate telephone calls by using coded/veiled terms and language during the telephone calls hamper the ability of staff to properly monitor inmate telephone calls, and, thereby, hamper the ability of staff to maintain the security and good order of the institution. The rationale for the sanctions imposed, therefore, is to punish the inmate for his misconduct, which is viewed as having an adverse effect on the security and good order of the institution, as well as to deter future misconduct. Disallowed Good Conduct Time is imposed as a sanction to demonstrate that engaging in misconduct will prolong inmate Matthews's period of incarceration. Loss of telephone privileges is imposed as a sanction as the misconduct involved circumventing established telephone procedures.

VIII. APPEAL RIGHTS: __XX__ The inmate has been advised of the findings, specific evidence relied on action and reasons for the action. The inmate has been advised of the right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX. Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| B. Chambers, DHO | [signature] | 21 SEPTEMBER 2018 |

DHO report delivered to Inmate: [signature]

SFlowers
Printed Name (Staff)

Date and Time: 9/24/18 1530

Prescribed by P5270

Replaces BP-A0304 of AUG 11

4

